UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH JOHNSON,

               Petitioner,

vs.                           Case No.  2:09-cv-647-FtM-29SPC
                                   Case No.  2:06-cr-4-FtM-29SPC

UNITED STATES OF AMERICA,

               Respondent.

_____

### OPINION AND ORDER

This matter comes before the Court on Petitioner Joseph Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #311)[1] and supporting Memorandum of Law (Cv. Doc. #2; Cr. Doc. #312).  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #6), and Petitioner thereafter filed a Traverse (Cv. Doc. #9).  Petitioner did not submit an amended petition.  (Cv. Doc. #13.)  On May 18, 2012, petitioner submitted a "Letter/Motion Pursuant to Rule 28(j) Citations of New Authority" (Doc. #15).  For the reasons set forth below, the motion is denied.  The request for an evidentiary

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

hearing and appointment of counsel are also denied.   (Cv. Doc. #11.)

## I.

On January 18, 2006, a federal grand jury in Fort Myers, Florida returned a ten-count Indictment (Cr. Doc. #3) against Joseph Johnson (hereinafter "petitioner" or Johnson) and others. Johnson was charged in five counts:  Count One charged conspiracy to possess with intent to distribute (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii) and 846; Count Four charged possession with intent to distribute (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii) and Title 18, United States Code, Section 2; Count Five charged knowingly and intentionally using and maintaining a place at 5210 Hemingway Circle, Apartment 2304, Naples, Florida 34116, for the purpose of manufacturing and distributing cocaine base, in violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2; Count Six charged knowingly possessing firearms in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Sections 924(c)(1)(A)(I) and  2; and Count Seven charged possession of a firearm after having been convicted

of a felony offense, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  After a jury trial, petitioner was convicted of all five counts.  The Court sentenced petitioner to life imprisonment on Counts One and Four; 240 months imprisonment on Count Five; and 120 months imprisonment on Count Seven, all of which were to be served concurrently.  The Court also sentenced petitioner to 60 months imprisonment on Count Six, to run consecutively to Counts One, Four, Five, and Seven.  Various terms of supervised release were imposed.  (Cr. Doc. #187.)

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #189) on December 14, 2006.  On October 29, 2008, the Eleventh Circuit Court of Appeals affirmed the conviction and sentence of petitioner on all counts. (Cr. Doc. #261; United States v. Louisuis, 294 F. App'x 573 (11th Cir. 2008)).

This matter is now before the court on petitioner's timely § 2255 motion.  Petitioner alleges ineffective assistance of trial and appellate counsel and prosecutorial misconduct by the United States Attorney.  Because petitioner is proceeding pro se, his pleadings are liberally construed by the Court.  See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . .

3

." 28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." <u>Aron v. United States</u>, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted).  However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." <u>Id.</u> at 715. <u>See also</u> <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008).

The record of this case establishes that petitioner has not shown that either trial counsel or appellate counsel provided constitutionally ineffective assistance, and has not shown that there was any prosecutorial misconduct.  Therefore, the Court finds that an evidentiary hearing is not warranted in this case.  The Court further finds that an appointment of counsel is not warranted.  <u>See</u> <u>Hooks v. Wainwright</u>, 775 F.2d 1433, 1438 (11th Cir. 1985)(there is no constitutional right to the appointment of counsel in a habeas proceeding).

**III.**

**A. General Ineffective Assistance of Counsel Principles**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both: (1) that his counsel's performance was deficient, and (2) a reasonable probability that

the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010).  A court need not address both prongs of the Strickland test, however, if a petitioner makes an insufficient showing as to either prong. Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'"  Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.  To be objectively unreasonable, the performance must be

such that no competent counsel would have taken the action. <u>Hall v. Thomas</u>, 611 F.3d 1259, 1290 (11th Cir. 2010); <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001). Further, "strategic choices made after [a] thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than a complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigations." <u>Reed</u>, 593 F.3d at 1240 (quoting <u>Strickland</u>, 466 U.S. at 690-91). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).

To establish prejudice under <u>Strickland</u>, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." <u>Marquard v. Sec'y for the Dep't of Corr.</u>, 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## B.   Specific Ineffective Assistance of Counsel Issues

Petitioner claims that his trial counsel provided ineffective assistance during pre-trial, trial, and sentencing in violation of the Fifth and Sixth Amendments. (Cv. Docs. #1, 2.) Petitioner also claims that appellate counsel provided ineffective assistance by failing to raise certain issues on appeal. (Cv. Docs. #1, 2.) After careful review, the Court finds that petitioner's ineffective assistance of counsel claims are without merit. The Court

addresses each in turn.

**(1) Failure to Seek Dismissal of Indictment:**

Petitioner argues that his trial attorney provided ineffective assistance by failing to move to dismiss all counts of the Indictment which referred to cocaine base because these counts failed to state a federal crime and therefore the district court lacked subject matter jurisdiction. Petitioner asserts that neither cocaine base nor crack cocaine is a controlled substance under the federal statute because Schedule II of Title 21, United States Code, § 812 does not list cocaine base as a form of cocaine separate and apart from any other form of cocaine. Thus, petitioner asserts his counsel provided ineffective assistance by not requesting dismissal of Counts One, Four, Five and Six for lack of federal jurisdiction. (Cv. Doc. #2, pp. 4-8.)

Title 21 U.S.C. § 841(a)(1) makes it a federal criminal offense for any person to knowingly and intentionally distribute or possess with intent to distribute a "controlled substance." 21 U.S.C. § 841(a)(1). Section 846 makes it a federal criminal offense for any person to conspire to violate § 842(a)(1). 21 U.S.C. § 846. A "controlled substance" is defined by statute as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). In pertinent part, schedule II includes the following as controlled substances:

> Coca leaves, except coca leaves and extracts of coca
> leaves from which cocaine, ecgonine, and derivatives of
> ecgonine or their salts have been removed; cocaine, its
> salts, optical geometric isomers, and salts of isomers;
> ecgonine, its derivatives, their salts, isomers, and
> salts of isomers; or any compound, mixture, or
> preparation which contains any quantity of any of the
> substances referred to in this paragraph.

21 U.S.C. § 812(c).  The Supreme Court and the Eleventh Circuit have both determined that cocaine base is a controlled substance under federal law.  See DePierre v. United States, 131 S. Ct. 2225 (2011); United States v. Sloan, 97 F.3d 1378, 1381-83 (11th Cir. 1996).  Other Circuits agree.  E.g., Laguerre v. Gonzales, 183 F. App'x 146, 147 (2nd Cir. 2006); United States v. Jernigan, 93 F. App'x 775, 776-77 (6th Cir. 2004); United States v. Moses, 15 F. App'x 146, 147 (4th Cir. 2001).

Each of the drug counts in the Indictment allege an offense involving "cocaine base, also known as crack cocaine, a Schedule II Controlled Substance."  (Cr. Doc. #3.)  Since cocaine base is a controlled substance, petitioner's counsel did not provide ineffective assistance by failing to seek dismissal of Counts One, Four, Five and Six.

**(2) Failure to Seek Dismissal of 21 U.S.C. § 851 Enhancement:**

Petitioner alleges that his trial attorney provided ineffective assistance of counsel by failing to seek dismissal of the enhancement notices filed pursuant to 21 U.S.C. § 851. Petitioner concedes that the government complied with the substantive and procedural requirements of § 851, but argues that

the § 851 enhancement is void for vagueness because it allowed the Assistant United States Attorney discretion to avoid using other less severe enhancements, such as the career offender provisions in §§ 4B1.1 or 4B1.4 of the Sentencing Guidelines or the armed career offender provisions in 18 U.S.C. § 924(e). This prosecutorial ability to choose, petitioner argues, encourages arbitrary enforcement and offends the Due Process Clause of the Fifth Amendment. (Doc. #2, pp. 9-10.)

A criminal statute is void for vagueness where it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304 (2008). Title 21 U.S.C. § 841(b)(1)(A) provides for an increased statutory maximum sentence for defendants who have been convicted of prior felony drug offenses. A "felony drug offense" is a specifically defined term. 21 U.S.C. § 802(44). A defendant convicted under § 841 who previously has been convicted of two or more felony drug offenses must be sentenced to life imprisonment. 21 U.S.C. § 841(b)(1)(A). To invoke this enhanced statutory maximum sentence, the government is required to file an information pursuant to 21 U.S.C. § 851 before trial identifying the prior convictions relied upon to support the § 841(b)(1)(A) enhancement. In contrast, a career offender under § 4B1.1 of the Sentencing Guidelines faces an increased sentencing range but does

not face an increased statutory maximum sentence, and no § 851 information need be filed. <u>Young v. United States</u>, 936 F.2d 553, 536 (11th Cir. 1991).

The Eleventh Circuit upheld defendant's life imprisonment sentence based on the enhanced penalty provision in Title 21, United States Code, Section 841(b)(1)(B). <u>United States v. Louisuis</u>, 294 F. App'x at 578. A person of ordinary intelligence is given fair notice by the statute as to what conduct will subject him to the statutory enhanced penalty. Additionally, it is clear that United States Attorneys possess broad discretion in enforcing federal criminal laws, including the discretion to file an enhancement under § 851, "so long as it is not based upon improper factors." <u>United States v. Cespedes</u>, 151 F.3d 1329, 1332-33 (11th Cir. 1998)(citations omitted). Moreover, in selecting which charge to file, a prosecutor may properly "be influenced by the penalties available upon conviction." <u>United States v. Harden</u>, 37 F.3d 595, 599 (11th Cir. 1994)(quoting <u>United States v. Batchelder</u>, 442 U.S. 114, 125 (1979)). Nothing in the statute encourages seriously discriminatory enforcement, and petitioner has not demonstrated any such discriminatory prosecutorial conduct in this case. Because the statute was not void for vagueness or a standardless violation of due process, petitioner's attorney did not provide ineffective assistance by failing to challenge the § 851 proceedings on these grounds.

11

**(3)   Cross Examination and Argument Regarding Substances:**

Petitioner argues that his trial attorney failed to conduct an objective and reasonable pretrial investigation into the drug called "cocaine base" or "crack cocaine," and if such a reasonable investigation had been conducted counsel would have been able to cross examine the three government chemists and establish that neither substance was a controlled substance under federal law and argue that fact to the jury.  (Doc. #2, p. 11-21.)   As stated above, cocaine base and crack cocaine are controlled substances under federal law.   Therefore, the cross examination of the government experts was adequate and did not constitute ineffective assistance of counsel.

**(4)   Rule 29 Motion:**

Petitioner also argues that his trial attorney failed to conduct an objective and reasonable pretrial investigation into the drug called "cocaine base" or "crack cocaine," and if such a reasonable investigation had been conducted counsel would have been able to successfully argue that the counts should have been dismissed in a Rule 29 motion.  Petitioner further argues that the evidence did not satisfy the reasonable doubt standard as to cocaine base/crack cocaine.  (Doc. #2, p. 11-21, 25-28.)

Rule 29(a) of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must

enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim P. 29. "A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." Broadwater v. United States, 347 F. App'x 516, 519 (11th Cir. 2009)(quoting United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994)). Both the district court and the appellate court view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the government. If, when so viewed, a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt, a Rule 29 motion must be denied. United States v. Frank, 599 F.3d 1221 (11th Cir. 2010).

As discussed above, cocaine base is a controlled substance under Federal law. Given the evidence, there was no reasonable probability that a sufficiency of the evidence challenge would have prevailed on this ground. Additionally, the government can establish the type of controlled substance without calling a chemist. United States v. Baggett, 954 F.2d 674, 677 (11th Cir. 1992). Therefore, petitioner's counsel was not deficient, petitioner suffered no prejudice, and there was not ineffective assistance of counsel.

**(5)  Insufficient Evidence of Controlled Substance:**

Petitioner argues that even now the evidence is insufficient to establish that cocaine base or crack cocaine was or is a

13

controlled substance under federal law.  (Doc. #2, p. 11-21.)  This argument is procedurally barred because the Eleventh Circuit has already found that "[t]he evidence is sufficient to support Johnson's convictions on the drug and conspiracy charges." Louisuis, 294 F. App'x at 578.  Alternatively, if not barred, it is clear that the evidence does establish cocaine base/crack cocaine, which as a matter of law are controlled substances under the federal statute.  Petitioner's argument is therefore without merit.

**(6)  Failure To Argue Substance Was Cocaine:**

Petitioner argues that his trial attorney provided ineffective assistance by failing to assert that the substance was cocaine, not cocaine base or crack cocaine, which would have reduced the statutory mandatory sentence from life imprisonment to five-to-forty years imprisonment.  (Doc. #2, p. 21.)  The testimony of every substantive witness described the events as being part of a crack cocaine/cocaine base conspiracy.  The evidence that the substance was cocaine base was sufficient, that sufficiency has been upheld on appeal, and counsel was not ineffective for failing to argue that only cocaine was involved in the offenses.

**(7)  Untimeliness and Insufficiency of § 851 Notice:**

Petitioner initially asserted that "[t]here is no question that the Notice of Enhancement herein met the strict procedural requirements of § 851, as well as the substantive mandates."  (Doc. #2, p. 9.)  Subsequently, petitioner argues that the enhancement

14

notice was untimely because the government filed it less than 24 hours before the start of petitioner's jury trial, which gave his counsel inadequate time to investigate the § 851 motion prior to trial.  (Doc. #2, pp. 21-22.)  Petitioner also argues that the § 851 notice was insufficient because it failed to list cocaine base or crack cocaine, but rather set forth cocaine hydrochloride. (Doc. #2, p. 29.)  Petitioner further asserts that the Notice of Intent was "constitutionally flawed and could not be applied to Counts One and Four."  (Doc. #2, p. 31.)  For the reasons set forth below the court disagrees.

Section 851(a)(1) allows an enhanced statutory maximum sentence only if "before trial, or before entry of a plea of guilty" the United States attorney files and serves an information stating the previous convictions to be relied upon.  21 U.S.C. § 851(a)(1).  This notice requirement is jurisdictional: unless the government strictly complies, the district court lacks jurisdiction to impose the enhanced sentence.  United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007); United States v. Thompson, 473 F.3d 1137, 1144 (11th Cir. 2006); Harris v. United States, 149 F.3d 1304, 1306 (11th Cir. 1998).  Succinctly stated, § 851 "simply requires the government to file the notice with the Court before trial. . . . " Ramirez, 501 F.3d at 1239.

The record establishes that on September 5, 2006, the government filed an Information Charging Prior Convictions as to

15

Defendant Joseph Johnson (Cr. Doc. #145) and a Notice of the Government's Intention to Use Prior Convictions to Enhance the Penalty as to Counts One and Four of the Indictment as to Defendant Johnson (Cr. Doc. #146). The trial commenced on September 6, 2006. (Cr. Doc. #148.) Filing the § 851 notice a day before the trial complies with the statutory requirements. See United States v. Weaver, 905 F.2d 1466, 1481 (11th Cir. 1990)(timely notice where the government personally served the defendant's counsel with the information on the first day of trial prior to voir dire). Therefore, the government timely filed the § 851 notice, and petitioner's counsel did not provide ineffective assistance by failing to object to the notice based upon untimeliness.

Additionally, the government's Notice states that it will seek the enhanced penalty "as to Counts One and Four of the Indictment" (Doc. #146.) The Notice then quotes a portion of 21 U.S.C. § 841(b)(1(A)(iii), and then identifies the two prior felony drug offenses - two state court convictions for possession of cocaine. The prior felony drug offenses need not involve cocaine base or crack cocaine, but need only involve "narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The government's Notice was not constitutionally flawed, and was sufficient. There was no ineffective assistance of counsel in failing to challenge it on this basis.

**(8)  Failure to Present Evidence of Petitioner' Residence:**

While recognizing that the Eleventh Circuit found otherwise, Petitioner contends there was insufficient evidence to convict him. Petitioner also claims his trial counsel was ineffective for not presenting evidence that he lived at his mother's house and kept clothes and personal gear at her house, which would have contradicted the inference that he lived at the drug house.  (Doc. #2, pp. 22-25.)

The Eleventh Circuit found the evidence was sufficient to support Petitioner's convictions as to all counts.  Louisuis, 294 F. App'x at 577-78.  The law is well established that a district court need not reconsider issues raised in a § 2255 motion which have been resolved on direct appeal.  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Thus, petitioner's sufficiency of the evidence claim is procedurally barred.

As to the ineffective assistance portion of this claim, it is clear that counsel for a criminal defendant does not have to pursue every conceivable line of inquiry in a case.  Delap v. Dugger 890 F.2d 285, 298 (11th Cir. 1989)(quoting Ford v. Strickland, 696 F.2d 804, 820 (11th Cir. 1983)).  Ivane Camille testified that Petitioner (known to her as "Trap") sometimes stayed at Apartment #2304, but never said that Petitioner lived there.  (Cr. Doc. #224, pp. 526-527.)  Petitioner's counsel objected when the government

17

tried to establish that petitioner lived at the apartment in question, and even the government elicited testimony that petitioner stayed with his mother in Immokalee. (Cr. Doc. #224, pp. 528-529.) The record reflects that Petitioner's counsel reasonably contested the government's attempt to prove that petitioner lived at Apartment # 2304. In any event, a violation of 21 U.S.C. § 856 does not require a defendant to live at the premises. Rather, to obtain a conviction under § 856(a)(1), the government must prove that the defendant (1) knowingly, (2) operated or maintained a place, (3) for the purpose of manufacturing, distributing, or using any controlled substance. United States v. Clavis, 956 F.2d 1079, 1091 (11th Cir. 1992); United States v. Garcia, 405 F.3d 1260, 1271 (11th Cir. 2005). Given that the government's own evidence demonstrated that petitioner stayed with his mother, there was neither deficient performance nor prejudice from a failure to elicit the same or similar evidence from other witnesses. No ineffective assistance of counsel has been established.

**(9) "Payment" to Witness Camille:**

Petitioner contends that government witness Ivane Camille was paid by the government to be a witness against him, the payment being in the form of not prosecuting her. Petitioner claims that the payment-by-non-prosecution put the government in violation of Title 18, United States Code, Section 201(c)(2) and Fed. R. Evid. 801(d)(2)(E), and that his attorney should have objected to the

testimony on this basis.  (Doc. #2, pp. 24-25.)  For the reasons set forth below the Court disagrees.

The Eleventh Circuit has found the argument that the government violated 18 U.S.C. § 201(c)(2) by obtaining testimony through witnesses who had negotiated government plea agreements "frivolous".  United States v. Thayer, 204 F.3d 1352, 1357 (11th Cir. 2000).  See also United States v. Lowery, 166 F.3d 1119, 1124 (11th Cir. 1999); United States v. White, 342 F. App'x 488, 490 (11th Cir. 2009).  The Federal Rule of Evidence cited by petitioner has no relevance to the issue raised.  Petitioner's counsel was not ineffective for failing to object to an alleged payment to the government's witness in the form of non-prosecution.

**(10) Jury Instructions Regarding Cocaine Base, Crack Cocaine:**

Petitioner argues that the Court erred by giving jury instructions regarding cocaine base, crack cocaine, when the chemists had only identified cocaine, and by telling the jury that the substance was a controlled substance as a matter of law. Petitioner asserts that whether a particular drug is a controlled substance is a jury question, and that his attorney provided ineffective assistance by failing to object. (Doc. #2, pp. 28-30.)

Whether a certain type of substance is a "controlled substance" under the statute is a question of law for the court, not the jury.  Whether the substance established by the government to have been involved in a particular case is the type of substance

which the law considers a "controlled substance" is a question of fact for the jury.  There was sufficient evidence for a reasonable jury to find the substance involved in this case was cocaine base, crack cocaine, which as a matter of law is a controlled substance. There was no ineffective assistance of counsel by failing to make the objections now asserted by petitioner.

**(11) Challenge to Weight of Cocaine Base:**

Petitioner alleges that his counsel provided ineffective assistance by failing to dispute that the quantity of the controlled substance was more than 50 grams.  The record establishes otherwise.

Petitioner was tried with four co-defendant's, but one co-defendant was dismissed by government motion at the end of the government's case.  The remaining three co-defendant's were all represented by counsel.  Petitioner's counsel and co-defendant's counsel adequately contested the weight of the cocaine base. Defense counsel cross examined Mr. Diaz, the government's forensic chemist, as to the weighing process:

> Q.  On the calibration of the scales, you said that there's sort of an auto-check, sort of like a reset button or something? It's something you press and the scale does it, calibrates, recalibrates itself internally?
>
> A.  Correct.
>
> Q.  However, if that's not working, working properly, there's no way you'd really know that; is there?  Except by what the person supposedly does once a month; correct?

A.  Correct.

Q.  And as you sit here today, you don't have any personal knowledge of when the -- when the scale was last checked prior to when you weighed these items, do you, as you sit here today?

A.  I do not have that information with me but it is documented.

Q.  But you don't have it?

A.  I don't have it with me right now.

Q.  So you can't tell us when it was?

A.  Correct.

(Cr. Doc. #228, pp 1386-1387.)  Co-defendant's counsel called their own expert, Dr. Terry Hall, who testified that the weight of the cocaine base was less than 50 grams when he weighed it.  (Cr. Doc. #228, pp 1405-1443.)  Again, petitioner's counsel took part in the examination of this expert witness relating to the weight of the drugs:

Q.  Sir, as a professional -- actually, as someone with a doctorate in this field, would you say that your training and experience has taught you to take your time and be careful with doing the weighing?

A.  Yes.

Q.  Did you give it all the time it needed?

A.  Yes, I did.

Q.  Did you feel rushed in any way whatsoever?

A.  No, sir.

Q.  You had plenty of time to focus on this and this alone?

21

A.  That's correct.

Q.  You didn't have a backlog of 2,500 cases or tests that you needed to get done; did you?

A.  No sir.

(Cr. Doc. #228, pp. 1430-1431.)  Petitioner's counsel also addressed the issue of whether the cocaine base at issue weighed 50 grams or more in his closing argument:

> Mr. Robbins:  That's what you're left with.  The rest of it, you look at it, and was there 50 grams or not?  How can you know?  Mr. Lakeman's expert said that by the time it got to him, there was, I think it was 40, 41 or so grams, well below 50.  The -- Mr. Diaz said it was a little above that, but I used a lot of the sample to test it, and so it was less.  And then we had this whole thing about reserve weights and things like that.
>
> And you know, we heard a lot of testimony from experts, but it all really boiled down to one little term, and that's the reserve weight that Mr. Diaz gave us, and the reserve weight that the Ph.D. chemist gave us was a couple grams different.  It was still different.  Now they gave a bunch of explanations, well it could have been the humidity, could have been water weight, could have been, could have been, could have been, could have been, could have been.  There were all these different could have been's.  Or it could have been that Mr. Diaz, in doing seven samples with his 2,500 exhibit backlog looming over his shoulder, may not have done it totally accurately.  He may have been off a little bit.  There's discrepancy somewhere and they can try and explain it away, but it's still there.  And it's still a problem.

(Cr. Doc. #229, p. 1581-1582.)

It is evident that petitioner's counsel reasonably addressed the issue, without repeating questions that co-defendant's counsel already asked.  The arguably conflicting weight of the drugs as testified to by the expert's was an issue that was properly argued to the jury.  Petitioner's counsel was not deficient in failing to

22

present evidence that may have been repetitive or cumulative, and there was no resulting prejudice to petitioner.

**(12)   Consecutive Sentence Pursuant to 18 U.S.C. § 924:**

Petitioner contends that the Court erred in sentencing him to a consecutive term of imprisonment of 60 months on Count Six pursuant to 18 U.S.C. § 924, and there was ineffective assistance of counsel for failing to raise the claim.  For the reasons set forth below the court disagrees.

In relevant part, Section 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-(I) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A).  Section 924(c) further provides that, "[n]otwithstanding any other provision of law -- no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii).  Petitioner claims that counsel should have invoked the "except" clause of 18 U.S.C. Section 924(c)(1)(A) because petitioner was receiving a statutory minimum life sentence on other counts and so he should not have received a consecutive sentence for the firearm count.

The Eleventh Circuit has established that the "except" clause of section 924(c) does not prohibit consecutive mandatory sentences where the defendant is convicted of both a drug offense and firearm offense. United States v. Segarra, 582 F.3d 1269, 1270-1273 (11th Cir. 2009).  In Abbott v. United States, 131 S. Ct. 18, 23 (2010), the Supreme Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Id. at 23.  The court further held that petitioner is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." Id.  Therefore, petitioner was properly sentenced by the Court to a consecutive term of imprisonment pursuant to § 924(c), petitioner's counsel was not deficient in failing to address this meritless claim, and there was no prejudice to petitioner.  The case relied upon by petitioner has since been distinguished.  See United States v. Easter, 553 F.3d 519, 524-525 (7th Cir. 2009).

## C.  Ineffective Assistance of Appellate Counsel

Petitioner claims that he was denied effective assistance of appellate counsel, in violation of the Fifth and Sixth Amendments. (Cv. Doc. #1; Cr. Doc. #311.)  The Court disagrees.

First, petitioner contends appellate counsel was

constitutionally ineffective because he failed to assert that cocaine base was not a listed controlled substance. The substantive argument is without merit for the reasons set forth previously, and counsel does not provide ineffective assistance by failing to raise a meritless issue.

Second, petitioner alleges that appellate counsel was ineffective for failing to appeal the statutory enhancement under Title 21, United States Code, Section 851. Again, for the reasons previously stated, the substantive argument has no merit, and appellate counsel is not ineffective for his failure to raise a meritless claim.

Third, petitioner claims appellate counsel was deficient for failing to adequately contest his sentence pursuant to Title 18, United States Code, Section 924(c)(2). The substantive argument was addressed previously, and counsel does not provide ineffective assistance in failing to pursue a meritless issue.

Last, petitioner claims that the government's use of discretion to not charge the government's witness Ivane Camille, while indicting petitioner and the other co-defendant's, violated 18 U.S.C. § 201(c). As discussed previously, the substantive issue is without merit. Petitioner's appellate counsel did not provide ineffective assistance by not raising this issue.

### D. Prosecutorial Misconduct

Petitioner claims that he was denied a fair trial due to

25

prosecutorial misconduct in violation of the Fifth Amendment. (Cv. Doc. #1; Cr. Doc. #311.)  Specifically, petitioner claims that: (1) the Assistant United States Attorney knew that there was no such drug as crack cocaine because it was not a scheduled offense, but still sought and secured an indictment for a non-crime by statute (Cv. Doc. #2, p. 38); and (2) the Assistant United States Attorney committed frauds on the jury by presenting three expert chemist witnesses that attempted to differentiate powdered cocaine from crack cocaine chemically, when the only difference is the forms. (Cv. Doc. #2, p. 39.)

Petitioner's underlying premise regarding crack cocaine is not legally sound, as discussed earlier.  Therefore, petitioner's arguments asserting prosecutorial misconduct are without merit.

Accordingly, it is now

**ORDERED:**

1.  Petitioner's Motion for an Evidentiary Hearing and the Appointment of Counsel (Cv. Doc. #11) is **DENIED.**

2.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

3.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further."   <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).   Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this _ 23rd _ day of July, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Parties of Record

27